2023 IL App (1st) 220983-U

Nos. 1-22-0983 & 1-22-1339 (cons.)

Filed October 26, 2023

Fourth Division

NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 17 CR 16518 |
| | ) | |
| RANDY MORGAN, | ) | Honorable |
| | ) | Diana Kenworthy, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE MARTIN delivered the judgment of the court.
Presiding Justice Rochford and Justice Hoffman concurred in the judgment.

**ORDER**

¶ 1    *Held*: Summary dismissal of postconviction petition affirmed. Defendant was not arguably prejudiced by his trial counsel's failure to present the testimony of responding police officers.

¶ 2    Randy Morgan appeals the circuit court's summary dismissal of his postconviction petition,

which alleged, *inter alia*, that Morgan's trial counsel was ineffective for failing to call the

responding police officers at his trial that resulted in a conviction for aggravated discharge of a firearm. We affirm.[1]

¶ 3     In his direct appeal, this court affirmed Morgan's conviction over his challenge to the sufficiency of the evidence and his claim that the trial court failed to conduct a posttrial inquiry into his *pro se* motion alleging ineffective assistance of counsel. *People v. Morgan*, 2020 IL App (1st) 182557-U. The trial evidence was recounted thoroughly in that order.

¶ 4      In summary, the complaining witness Nwakanwa Ebelechukwu went to the home of Rene Gunther, who had agreed to repair Ebelechukwu's car. While there, Morgan intervened in an argument between the two men and had words with Ebelechukwu. Morgan left and returned with a handgun. He threatened to "blow [Ebelechukwu's] brains out." Morgan then pointed the gun at Ebelechukwu's foot and pulled the trigger. The gun did not fire. Morgan "clicked" the gun a second time. Ebelechukwu felt and heard the gun discharge but did not realize a bullet had struck his foot. He took photos of Morgan's vehicle with his cell phone and called the police. The two responding officers spoke with Ebelechukwu near Gunter's residence but did not collect any physical evidence. Once home, Ebelechukwu discovered his foot was bleeding. He sought medical attention and contacted police again, this time to report the injury. Stipulated medical evidence demonstrated he sustained a fractured toe from a gunshot.

¶ 5     Gunter testified that Morgan came to his home while he was arguing with Ebelechukwu. He did not hear a gunshot, but admitted he was occupied in his garage and did not observe what happened between the other two men.

¶ 6     Morgan's counsel argued that the State's case lacked "forensic evidence" such as blood, bullet casings, or a gun. The court convicted Morgan of aggravated discharge of a firearm, noting

_____

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

that it found Ebelechukwu credible, but Gunther's credibility suffered "major lapses." The court acquitted Morgan of aggravated battery, citing the delay between the incident and Ebelechukwu's report of an injury. Morgan was sentenced to eight years' imprisonment.

¶ 7    Following affirmance of his conviction on direct appeal, Morgan filed a *pro se* postconviction petition. The petition alleged: (1) Morgan was unlawfully arrested pursuant to an investigative alert, without a warrant or probable cause, (2) trial counsel was ineffective for failing to challenge the arrest, and (3) trial counsel should have sought DNA testing of a shoe to compare with Ebelechukwu. Morgan later supplemented his petition, alleging, among other claims, that his trial counsel should have presented the testimony of the two police officers, Donna Rogers and Christopher Williams, who responded to the incident and would have stated they found no blood or other physical evidence indicating a shot had been fired. Morgan attached a copy of his arrest report. The report contains a narrative of information Officer Rogers conveyed to the detectives who compiled the report.

¶ 8    In a written order, the trial court summarily dismissed Morgan's petition, finding it frivolous and patently without merit. Morgan appealed.

¶ 9    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)) allows a defendant to collaterally attack a final judgment of conviction on constitutional grounds that escaped earlier review. *People v. Blair*, 215 Ill. 2d 427, 447 (2005). Upon the filing of a petition, the circuit court reviews it independently to determine whether the petition should be docketed for further proceedings. *People v. Hodges*, 234 Ill. 2d 1, 10 (2009); 725 ILCS 5/122-2.1(b) (West 2020). If the court finds the petition frivolous or patently without merit, however, the court must dismiss the petition by written order. 725 ILCS 5/122-2.1(a)(2) (West 2020). We review the circuit

court's summary dismissal of a postconviction petition *de novo*. *People v. Knapp*, 2020 IL 124992, ¶ 39.

¶ 10        To advance for further proceedings, the petition must allege enough facts, when taken as true, to make out an arguable constitutional claim. *Hodges*, 234 Ill. 2d at 9-10. The petitioner must also attach affidavits, records, or other evidence to demonstrate their allegations are capable of objective or independent corroboration. *Id*. at 10.

¶ 11        If a petition lacks an arguable basis in law or fact—that is, the petition is based on an indisputably meritless legal theory or fanciful factual allegations—it should be dismissed as frivolous and patently without merit. *Id*. at 16.

¶ 12        On appeal, Morgan abandons most of his claims, arguing solely that he made an arguable constitutional claim of ineffective assistance by alleging his trial counsel should have called the responding police officers to testify to the lack of physical evidence corroborating Ebelechukwu's account.

¶ 13        To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) counsel's representation was objectively unreasonable, and (2) but for counsel's deficient representation, a reasonable probability exists that the result of the trial would have been different. *People v. Domagala*, 2013 IL 113688, ¶ 36. "[A postconviction] petition alleging ineffective assistance may not be summarily dismissed if (i) it is arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable that the defendant was prejudiced." *Hodges*, 234 Ill. 2d at 17. When reviewing an initial petition, courts withhold consideration whether counsel's complained of actions may be the result of trial strategy. *People v. Tate*, 2012 IL 112214, ¶ 22. Instead, we focus on considerations of prejudice.

¶ 14        Here, Morgan asserts that he was arguably prejudiced because, had the officers been called, their testimony would have supported that he did not fire a gun. We disagree. The arrest report fails to demonstrate the officers would have provided testimony helpful to the defense. Although the arrest report contains no reference to any observed or recovered physical evidence, it also fails to show that police even looked for such evidence. It instead reveals the officers spoke with Ebelechukwu and Gunter before searching for Morgan. There is no indication they inspected the location where Ebelechukwu said the shooting occurred. So, the arrest report fails to demonstrate the officers' testimony would have contradicted Ebelechukwu's account of the shooting.

¶ 15        Even so, a lack of physical evidence would not necessarily discredit Ebelechukwu's testimony. For multiple reasons, physical evidence may not have been found where the shooting occurred. Discharged shell casings travel unpredictably and could easily evade discovery. The record indicates the gun was fired at the ground and the bullet passed through Ebelechukwu's shoe. A bullet lodged in the ground may also evade being found. Further, Ebelechukwu did not realize he had been shot in the foot until he went home and observed blood after removing his shoe. Thus, the record does not support that his blood necessarily would have been found at the location of the shooting. Further, the record fails to support the likelihood that the responding officers would have recovered a firearm. Morgan drove from the scene and was not located for several weeks. In sum, the lack of physical evidence does not disprove that a firearm was discharged.

¶ 16        Ultimately, the officers' testimony would have added nothing to the trial evidence. The defense would not have affirmatively demonstrated that physical evidence refuted the State's case and defense counsel's argument would have remained that the State's case lacked "forensic evidence." Accordingly, it is not arguable that the result of the trial would have been different had trial counsel presented the testimony of Officers Rogers and Williams. Thus, we find Morgan was

not arguably prejudiced by his trial counsel's failure to subpoena and present their testimony and, likewise, Morgan failed to state an arguable constitutional claim.

¶ 17       For these reasons, we affirm the circuit court's summary dismissal of Morgan's postconviction petition.

¶ 18       Affirmed.